IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERRY LEE KELLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-173-M-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Jerry Lee Keller's application for writ of habeas corpus under 28 U.S.C. § 2254. Keller is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Keller moves to proceed in forma pauperis. After reviewing the motion and supporting account statement, I find that Keller has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Merits of the Petition

Keller was convicted of aggravated assault and negligent endangerment. He was originally sentenced to serve 15 years in prison, with 13 years suspended. On October 28, 2004, Keller's 13-year suspended sentence was revoked and he was

1

re-sentenced to prison for 13 years. Pet. (Doc. 1) at 1-2 ¶¶ 1-4; Second Revocation Judgment at 1-2 (Doc. 1-1 at 2-3). The judgment provided that he "shall receive credit for time served on probation and jail time of 2 years and 3 months against said sentence." *Id.* at 2 ¶ 2. Keller contends that he was on probation from October 29, 2000, to October 13, 2004, for a total of 1,445 days, but he did not receive credit for all that time. Keller also states that he "was in jail for only 33 days until my revocation." Pet. at 4 ¶ 13A, 7.

The Court assumes, for present purposes, that Keller would show a due process violation if he faced a realistic prospect of being held in custody longer than permitted by the terms of the criminal revocation judgment. 28 U.S.C. § 2254(a). But Keller misreads the trial court's judgment. As Keller himself points out, he did not spend 2 years and 3 months in jail on the suspended term. Therefore, he could not have been awarded 2 years and 3 months of jail-time credit. Where the judgment says Keller "shall receive credit for time served on probation and jail time of 2 years and 3 months against said sentence," Second Revocation Judgment at 2 ¶ 2, it means Keller is given a total of 2 years and 3 months' credit against the 13-year sentence, consisting of time he spent in jail pending revocation plus a part of the time he spent on probation. In sum, Keller was given credit for some but not all time spent on probation.

Mont. Code Ann. § 46-18-203(7)(b), *cited in* Pet. at 4 ¶ 13A, provides that

"the judge shall consider any elapsed time and either expressly allow all *or part of the time* as a credit against the sentence or reject all *or part of the time* as a credit" (emphasis added). The terms of the trial court's judgment complied with Montana law.

Keller also alleges that the trial court did not adequately explain the reasons for his sentence, that his counsel told him he was given credit for all time served on probation, and that the Montana Supreme Court erred in its orders of May 13, 2014, and March 3, 2014. Pet. at 5, 6.

None of these claims indicates a violation of federal law. Whatever Keller's attorney told him, the terms of the written judgment are clear. States are not obliged to hold procedural errors such as inadequate statement of reasons open to appeal on an indefinite basis. The Montana Supreme Court did not err or contradict itself in *State v. Keller/Keller v. State*, No. DA/OP 14-0117. The court found Keller did not need to file a petition for leave to file an out-of-time appeal, as he purported to be doing, because he was seeking credit for time served. It recharacterized the matter as a petition for writ of habeas corpus, ordering the State (twice) to respond appropriately. To the extent Keller also claimed the trial court should have awarded more credit in 2004, the court concluded such a claim "is very untimely, would not merit an out-of-time appeal, and is not susceptible to habeas relief." Order at 2, *Keller v. State*, No. OP 14-0117 (Mont. May 13, 2014).

Keller had full access to the court and ample opportunity to be heard.

All claims in Keller's petition should be denied for lack of merit.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Keller's claims meets the standard. His revocation sentence, imposed ten years ago, complied with state law. His other claims are frivolous. A COA is not warranted.

Based on the foregoing, the Court enters the following:

### ORDER

Keller's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Keller may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Keller must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of May, 2014.

                                                       /s/ *Jeremiah C. Lynch*
                                                      Jeremiah C. Lynch
                                                     United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.