IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JERRY LEE KELLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14–173–M–DLC<br><br>ORDER |

Petitioner Jerry Lee Keller, a state prisoner proceeding pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Keller challenges the revocation of his suspended sentence for aggravated assault and negligent endangerment contending his sentence is illegal, he was not properly credited for probation time, and that counsel failed to adequately aid his defense.

United States Magistrate Judge Jeremiah Lynch entered his Findings and Recommendation in this matter on May 30, 2014. (Doc. 4.) Judge Lynch recommends that the Court dismiss the petition and deny a certificate of appealability ("COA") because all of Keller's claims lack merit. Keller timely objected, preserving his right to *de novo* review of the specific findings and

1

recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portion of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court will adopt Judge Lynch's findings and recommendation in full.

## Background

Keller was originally sentenced to serve 15 years in prison with 13 years suspended for aggravated assault and negligent endangerment on September 29, 1999. Keller served 33 days in jail and then probation prior to his revocation. At issue is the second revocation of the suspended portion of his sentence on October 28, 2004 where Keller was re-sentenced to 13 years in prison. Keller was on probation from October 29, 2000, to October 13, 2004, for a total of 1,445 days. Upon re-sentencing, the trial court gave Keller credit of 820 days for jail and probation time served prior to the second revocation.

Keller raises two objections to Judge Lynch's findings and recommendation. Keller's first objection alleges due process violations because his revocation fails to comply with Montana law. Keller's second objection claims ineffective assistance of counsel arguing his attorney failed to secure credit for his total probation time served as part of his re-sentencing. Finally, Keller requests that the Court provide

transcripts of his sentence revocation hearing.

## I. Illegal Sentence

Keller contends that his sentence is illegal under Montana law and that he was improperly credited for probation time under a mis-interpretation of the trial court order. This Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution laws or treaties of the United States." 28 U.S.C. § 2254 (2006). Keller's illegal sentence issue raises state law questions that were already resolved at the Montana Supreme Court and which are not subject to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) (citations omitted) ("There is no doubt that we are bound by a state court's construction of a state statute"). And even if the State had violated state law, Keller would not be entitled to federal habeas relief on this basis. *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (per curiam); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). While Keller alleges no Constitutional claim subject to federal habeas relief, the Court will review Keller's claims.

Keller's first objection alleges a due process violation contending his sentence is illegal because the trial court did not include the underlying reasons for the sentence in a written statement. Montana Code Annotated § 46-18-203(7)(b) requires the sentencing judge to state reasons for the probation time credited or not credited to a revoked sentence. *Montana v. Baird*, 334 Mont. 185, ¶ 26 (2006) (stating that § 46-18-203(7)(b) "only deals with accepting or rejecting time elapsed on a probationary sentence, not the underlying reason for revocation of the sentence"). Keller misconstrues this statute, arguing that the trial court must "record it's reasons when imposing sentence [because it] complies with basic fairness by acknowledging a defendants Right to be Informed of the Reasons for his sentence." (Doc. 5 at 2.) The trial court did not have a duty under this statute to explain the sentence imposed.

Upon review of the order, the Montana Twenty-First Judicial District provided several reasons for Keller's revocation and partial probation credit at re-sentencing in its order. These reasons include: admissions to allegations in his first revocation hearing, finding that Keller was in violation of probation conditions at his first revocation hearing, finding that he was in violation of his sentence at his second revocation hearing, finding that Keller is guilty of violating the terms and condition of his suspended sentence, and finally, the recommendations of counsel at

re-sentencing. (*See* Doc 1-1 at 2-4.) This Court finds no Constitutional violation under the Fifth or Fourteenth Amendments. Keller's first objection is overruled.

The second portion of Keller's first objection alleges a misreading of the order and recording error by the judge and department of corrections. Montana Code Annotated § 46-18-203(7)(b) gives a sentencing judge discretion regarding the amount of probation time credit given to a defendant upon revocation. Keller argues that the language in the judgment somehow includes all of his probation time of 1,445 days when the order clearly gives him 820 days credit for probation and jail time. In the revocation order, the state court stated, "[t]he Defendant shall receive credit for time served on probation and jail time of 2 years and 3 months against said sentence." (Doc. 1-1 at 3.) Because Keller served only 33 days of jail time prior to this revocation it is clear the judge credited Keller a significant portion of his probation time. Under the statute, the state court has broad discretion to allocate Keller's probation time, just as it did here. Accordingly, this portion of Keller's first objection is also overruled.

## II. Ineffective Assistance of Counsel

Keller's second objection is a new ineffective assistance of counsel claim that was not addressed to Judge Lynch in this habeas proceeding. For his argument on this claim, Keller refers the Court to his motion filed at the Montana Supreme

Court, *Keller v. State*, No. DA/OP 14-0117 (Mont. March 14, 2014), where he argued his attorney failed to aid in his defense at the revocation hearing.

This objection fails in two procedural respects. First, the claim is an improper objection because it was not raised in Keller's federal habeas petition and thereby gave Judge Lynch no opportunity to make findings and a recommendation on the issue. Second, because Keller failed to raise the issue on his federal habeas petition this Court has no information regarding whether Keller's state habeas remedies are exhausted. Notwithstanding these procedural infirmities, the Court reviews this claim on the merits.

The Supreme Court established the standard of review for claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). The proper standard for attorney performance is "reasonably effective assistance." *Id.* at 687. In order to succeed, Keller must show that "counsel's representation fell below an objective standard of reasonableness," *Id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Id.* at 694. If Keller makes an insufficient showing on one of these elements, the Court need not address the other element. *Id.* at 697. Keller alleges ineffective assistance of counsel in two respects.

The first claim is based on the court appearance of Michael Montgomery, counsel of record in Keller's case, in place of Mark McLaverty, his public defender, at the revocation proceeding. Keller claims that McLaverty's absence prejudiced his case at the revocation hearing. However, Keller was present with counsel of record at the hearing. Further, Keller's argument is not supported by any evidence that demonstrates Montgomery or McLaverty's representation at the hearing fell below "an objective standard of reasonableness" as a result of Montgomery's appearance. *Strickland* at 688. Keller argues solely that because McLaverty's associate appeared at the hearing that he is prejudiced. Keller offers no evidence, no specific issue, and no error showing Montgomery's work fell below the objective standard of reasonableness. Accordingly, this claim is dismissed.

Keller's second claim alleges Montgomery failed to obtain credit for all of his probation time and failed to aid Keller's defense in any way. However, Keller offers no evidence, no specific circumstance, and no error committed by his counsel that "fell below an objective standard of reasonableness." *Id.* On the contrary, Montgomery represented Keller at his hearing, and Keller received a significant amount of credit to his sentence for his probation time served. Neither of these claims demonstrates deficiencies in the representation given to Keller, and the Court does not need to determine whether the outcome may have been different as there

7

are no errors to evaluate. *Strickland* at 694. Accordingly, Keller's ineffective assistance of counsel claim is without merit.

### III. Transcript Request

Keller requests the transcripts from his revocation hearing. He argues the State of Montana has denied his request for them numerous times. This is an improper objection as Keller failed to raise this issue in his federal habeas petition.

The State of Montana must provide Keller the tools necessary to challenge his conviction, see *Lewis v. Casey*, 518 U.S. 343, 355 (1996), but can fulfill that obligation in different ways. For example, a state may provide inmates with "a system of court-provided forms ... that ask[ ] the inmates to provide only the facts and not to attempt any legal analysis." *Id.* at 352. Collateral attack "was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence'." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir.1996) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.1970)). A habeas petitioner "may well have a need of a transcript (to support his claim) but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack." *United States v. MacCollom*, 426 U.S. 317, 327-28 (1976) (validating restrictions on availability of transcripts) (quoting *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir.1964)). The State of Montana

provides a method for habeas relief and the record in this case reflects considerable research and effort on Keller's behalf. It is also clear from Keller's petition that the absence of the revocation hearing transcripts has not precluded development of his claims. The sentencing order from the trial court is clear, it requires no further review, and Keller fails to demonstrate a need for the transcripts. Therefore, his request for transcripts is denied.

## Certificate of Appealability

Mr. Keller fails to show any violation of his Constitutional rights. Thus, the Court agrees with Judge Lynch's conclusion regarding the COA. A COA should issue as to those claims which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Keller's petition fails to make a substantial showing of a denial of a constitutional right and a COA is not warranted.

IT IS ORDERED that:

(1) Judge Lynch's findings and recommendation (Doc. 4) is ADOPTED in

full.

(2) Mr. Keller's petition (Doc. 1) is DISMISSED.

(3) The Clerk of Court is instructed to enter a judgment of dismissal in favor of Respondents and against Petitioner by separate document.

(4) A certificate of appealability is DENIED.

Dated this 13th day of August 2014.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court